## CITY OF LAUDERHILL v. JACKSON
### Case No. 83-522MO30
County Court, Broward County

August 24, 1983

Richard Roarke, for plaintiff.

Defendant, pro se.

STEVEN G. SHUTTER, County Judge

THIS CAUSE came on to be heard upon the validity of the Municipal Ordinance of the City of Lauderhill, Code Number 83-129, Section 20-20 only as it pertains to the penalty thereof.

1.  The above Ordinance provides for a mandatory fine of $150.00 plus court costs for violation of it.

2.  Florida Statute 316.1967(4) mandates that the Court, relative to any *parking ticket violation* "may impose a fine not to exceed $100.00 plus Court costs."

3.  The Florida Municipal Home Rule Powers Act, the law that states what a city may and may not do, allows municipalities to exercise certain powers except as to "Any subject expressly preempted to state or county government by the Constitution or by general law" Florida Statute 166.021(3)(c).

4.  Therefore, the issue to be resolved is whether the limitations of F.S. 316.1967 of parking ticket violation fines to a maximum of $100.00 precludes the City of Lauderhill for assessing a fine of $150.00 in the present Ordinance.

4a.  A Notice to Appear is issues in cases in lieu of an arrest or a bond wherein the accused agrees to appear in Court to answer to charge. This distinction becomes even more significant by a reading of F.S. 316.1967 which discuss a "parking ticket."

5.  At this time the City of Lauderhill can issue three separate and distinct charging documents for a parking violation. First, a city parking ticket; second, a state uniform traffic citation and third a notice to appear later followed by a municipal information filed by the City Prosecutor. This last type of charging document is being employed by the City for the handicapped parking violation. By using this notice to appear and municipal information method plus the language of the ordinance which does not make the penalty a *civil* fine (as is the case with the regular traffic moving violations and the state statute parking violations), the City has made this not the same type civil parking violation referred to in the Florida Statutes. The City's ordinance makes illegal handicapped parking criminal or quasi-criminal in nature and therefore not subject to the $100.00 of F.S. 316.1967, it is hereby,

ORDERED AND ADJUDGED that:

1.  This Court finds that the $150.00 fine contained in the above ordinance is valid and enforceable.

2.  In order to avoid any confusion, the State Legislature may wish to specifically address the issue of the ability of municipalities to enact a handicapped parking ordinance punishable by a fine in excess of $100.00 and specifically authorize or prohibit same.

3.  Further, with Lauderhill in the forefront, a number of municipalities and Broward County itself have increased the fine for handicapped parking violations. In view of this, the State Legislature itself may wish to review F.S. 316.1955, the State's handicapped parking law that carries a fine of only $150.00 and a copy of this Order shall be sent to all State Legislators witin this Court's jurisdiction.